STATE OF NEBRASKA, APPELLEE, v. LARRY A. MORROW, APPELLANT.

246 N. W. 2d 72

Filed October 13, 1976. No. 40736.

T. Clement Gaughan and George R. Sornberger, for appellant.

Paul L. Douglas, Attorney General, and Melvin K. Kammerlohr, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

BOSLAUGH, J.

The defendant was originally charged with theft of a motorcycle, a felony under section 28-522, R. R. S. 1943. To this charge the defendant pleaded not guilty. Later, an amended information was filed charging the defendant with wrongful use of the motorcycle, a misdemeanor under section 28-521, R. R. S. 1943. To this charge the defendant pleaded nolo contendere, was found guilty, and sentenced to 4 months in the county jail and fined $250. Upon appeal the sole issue is whether the sentence was excessive. The defendant contends that he should have been placed on probation.

The defendant was 18 years of age at the time of the offense. He was stopped for a traffic offense by a state patrolman while riding the stolen motorcycle. He exhibited a bill of sale to another motorcycle to support his claim that he owned the stolen motorcycle. After the motorcycle had been reported stolen the defendant was arrested and brought to police headquarters. At that time he stated he had borrowed the motorcycle from a third party and had returned it to him. Later the same day, the defendant took the police to the place where he had concealed the motorcycle.

When the motorcycle was recovered a license plate issued to the defendant was attached to it and several parts were missing. The missing parts had been removed by the defendant and concealed in the garage at his parents' home. Certain other parts owned by the defendant had been installed on the stolen motorcycle.

At the sentencing hearing the defendant admitted he had not disclosed all the details of the offense to the probation officer. Under questioning by the trial court

the facts concerning the stripping and concealment of the motorcycle were developed.

The defendant has a poor employment record and has since been involved in a burglary. The record indicates that it is probable the defendant would not have successfully completed probation.

The granting of probation is discretionary with the trial court. In the absence of an abuse of discretion, a denial of probation is not error.

The denial of probation in this case was not an abuse of discretion and the sentence imposed was not excessive under the circumstances.

The judgment of the District Court is affirmed.

AFFIRMED.